IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

ORLANDO KILCREASE PLAINTIFF

V. NO. 5:18-CV-34-DCB-MTP

UNITED STATES DEPARTMENT OF AGRICULTURE,
SONNY PERDUE, and STEVEN PETERSON DEFENDANTS

ORDER AND OPINION

The United States Department of Agriculture, Secretary of Agriculture Sonny Perdue, and Farm Service Agency Acting Administrator Steven Peterson move the Court to dismiss Orlando Kilcrease's complaint for failure to state a claim. For the reasons that follow, the motion is DENIED.

**Background**

This employment-discrimination dispute arises from the United States Department of Agriculture's decision not to hire Orlando Kilcrease to fill a loan specialist position.

Kilcrease is a 51 year-old African-American male and a 17-year veteran of the United States Department of Agriculture Farm Service Agency. (Doc. 1, ¶¶ 3, 8). For a time, Kilcrease served as

the chairman of the Mississippi Farm Service Agency State Committee. (Doc. 1, ¶ 8).

In March 2016, the United States Department of Agriculture Farm Service Agency posted an opening for a loan specialist position. (Doc. 1, ¶ 10). Kilcrease applied for the position. (Doc. 1, ¶ 10).

A five-member interview panel reviewed applications for the position. (Doc. 1, ¶ 12). Each member of the panel was white and between the ages of 43 and 62. (Doc. 1, ¶ 12). The panel recommended four white applicants for the position, two of whom were less than 40 years old. (Doc. 1, ¶ 13). Kilcrease sued, alleging race and age discrimination. (Doc. 1).

The United States Department of Agriculture, Perdue, and Peterson now move the Court to dismiss Kilcrease's complaint under Federal Rule of Civil Procedure 12(b)(6). (Doc. 6). They argue that Kilcrease's complaint fails to allege plausible claims for race- and age-based discrimination because the complaint lacks factual allegations linking Kilcrease's race or age to the United States Department of Agriculture's decision not to hire him. (Doc. 7, p. 3).

Defendants' motion is untimely: Defendants moved to dismiss seven days after answering Kilcrease's complaint. (Docs. 3, 6). So the Court construes the motion as a Federal Rule of Civil Procedure

12(c) motion for judgment on the pleadings. See, e.g., Yakovets v. Bailin, Civ. A. No. JKB-13-3439, 2014 WL 279697, at *1 (D. Md. Jan. 23, 2014); Jenkins v. Allied Interstate, Inc., Civ. A. No. 5:08-CV-125-DCK, 2009 WL 3157399, at *2 (W.D. N.C. Sept. 28, 2009); Bennerson v. City of New York, Civ. A. No. 10182-RWS, 2004 WL 902166, at *3 (S.D.N.Y. Apr. 28, 2004). Defendants' failure to timely file a Rule 12(b) motion is inconsequential because the Rule 12(c) and Rule 12(b)(6) standards are the same. Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 318 n.8 (5th Cir. 2002).

Kilcrease did not respond to Defendants' motion. See L. U. Civ. R. 7(b)(4).[1]

I

To overcome Defendants' motion, Kilcrease must allege a plausible claim for relief. Romero v. City of Grapevine, Tex., 888 F.3d 170, 176 (5th Cir. 2018) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A claim is plausible if it is pleaded with factual content that allows the Court to reasonably infer that Defendants are liable for the misconduct alleged. Edionwe v.

[1] Local Uniform Civil Rule 7(b)(4) provides that "[c]ounsel for respondent must, within fourteen days after service of movant's motion and memorandum brief, file a response and memorandum brief in support of the response."

Bailey, 860 F.3d 287, 291 (5th Cir. 2017) (citing Iqbal, 556 U.S. at 678).

In ruling on Defendants' motion, the Court accepts the complaint's well-pleaded facts as true and views them in the light most favorable to Kilcrease. Midwest Feeders, Inc. v. Bank of Franklin, 886 F.3d 507, 513 (5th Cir. 2018).

II

Kilcrease attempts to allege claims for race- and age-based discrimination against the United States Department of Agriculture, Secretary of Agriculture Sonny Perdue, and Farm Service Agency Acting Administrator Steven Peterson.[2] The Court addresses each claim in turn.

A

Title VII of the Civil Rights Act of 1964 prohibits a federal agency from discriminating against a job applicant based on his race. 42 U.S.C. § 2000e-16.

To plead a plausible racial-discrimination claim, Kilcrease must allege facts that allow the Court to reasonably infer that Defendants discriminated against him based on his race. 42 U.S.C. § 2000e-16; Edionwe, 860 F.3d at 291. But he need not plead each

[2] Kilcrease sued Perdue and Peterson in their official capacities.

element of his prima facie case. Swierkiewicsz v. Sorema N.A., 534 U.S. 506, 511 (2002).[3]

Kilcrease alleges that an all-white interview panel recommended four white applicants to fill a loan specialist position for which Kilcrease had been rated "best qualified." Because Kilcrease was rated "best qualified," it follows that the white applicants the interview panel recommended were either equally or less qualified. Viewed in Kilcrease's favor, these allegations allow the Court to reasonably infer that the reason the all-white interview panel recommended four white applicants of equal or inferior qualifications was "based on" Kilcrease's race. See 42 U.S.C. § 2000e-16.

To be clear, the allegation that an all-white decision-making body recommended four white applicants over Kilcrease is not, standing alone, sufficient to state a plausible racial-discrimination claim. The salient allegation is that Kilcrease was rated "best qualified" for the position. That allegation negates a non-discriminatory inference the Court could otherwise draw from the interview panel's hiring decision: That Kilcrease was passed over because he was less qualified than his white co-applicants.

[3] Swierkiewicsz was decided before Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), but remains good law. See, e.g., Gordon v. United States Capitol Police, 778 F.3d 158, 162 (D.C. Cir. 2015) (observing that Twombly reaffirmed Swierkiewicsz); Rodriguez-Reyez v. Molina-Rodriguez, 711 F.3d 49, 54 (1st Cir. 2013) (collecting cases).

Because Kilcrease has pleaded a plausible racial-discrimination claim, the Court DENIES Defendants' motion to dismiss the claim.

B

The federal-sector provision of the Age Discrimination in Employment Act prohibits federal agencies from discriminating against a job applicant who is at least 40 years old based on his age. 29 U.S.C. § 633(a).

Kilcrease need not allege each element of a prima facie case of age discrimination to defeat Defendants' Rule 12(b)(6) motion. Swierkiewicz, 405 U.S. at 510; Haskett v. Continental Land Resources, L.L.C., 668 F. App'x 133, 134 (5th Cir. Aug. 23, 2016) (per curiam) (unpublished). But the elements do guide the Court's analysis. Flores v. Select Energy Services, L.L.C., 486 F. App'x 429, 432 (5th Cir. Aug. 16, 2012) (per curiam) (unpublished).

To prove a prima facie case of age discrimination, Kilcrease must show (1) Defendants failed to hire him; (2) he was qualified for the loan specialist position; (3) he was within the protected class (age 40 or over) at the time; and (4) a younger person was hired. Haas v. ADVO Systems, Inc., 168 F.3d 732, 733 (5th Cir. 1999).

Kilcrease's complaint alleges (1) the interview panel did not recommend him for the loan specialist position (Doc. 1, ¶ 13); (2)

he was rated "best qualified" for the loan specialist position (Doc. 1, ¶ 11); (3) he was over age 40 at the time (Doc. 1, ¶ 8); and (4) two of the four applicants recommended were below age 40 (Doc. 1, ¶ 13). Viewed in Kilcrease's favor, these allegations suffice to state a claim for age discrimination. See Leal v. McHugh, 731 F.3d 405, 413 (5th Cir. 2013) (reversing district court's Rule 12(b)(6) dismissal of age-discrimination plaintiff's complaint and observing that the plaintiff's "admittedly bare allegations sufficiently state a plausible claim for age discrimination.").

Because Kilcrease has pleaded a plausible age-discrimination claim, the Court DENIES Defendants' motion to dismiss the claim.

III

Kilcrease's complaint is not the most detailed. But it contains allegations which, viewed in Kilcrease's favor, suffice to state plausible claims for race and age discrimination.

Accordingly,

IT IS ORDERED that Defendants' motion **(Doc. 6)** to dismiss Kilcrease's complaint is DENIED.

SO ORDERED, this the 6th day of August, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE